# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENE BROWN, | | 1:09-cv-02145-LJO-SMS (HC) |
| | Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| | v. | |
| KEN CLARK, | | [Doc. 10] |
| | Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

In the instant petition, Petitioner challenges the Board of Parole Hearings' (Board) August 22, 2007, decision finding him unsuitable for release.

On December 18, 2008, Petitioner filed a petition for writ of habeas corpus challenging the Board's 2007 decision in the Riverside County Superior Court.[1] (Exhibit 1, to Motion.) The petition was denied on January 6, 2009. (Exhibit 2, to Motion.) Petitioner then filed petitions for

---

[1] All files dates set forth herein reflect application of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court). The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

1

writ of habeas corpus in the California Court of Appeal and California Supreme Court.  (Exhibits 3 & 5, to Motion.)  Both petitions were summarily denied.  (Exhibits 4 & 6, to Motion.)

Petitioner filed the instant petition for writ of habeas corpus on December 8, 2009. (Court Doc. 1.)

Respondent filed the instant motion to dismiss on March 5, 2010, and Petitioner filed an opposition on April 14, 2010.  (Court Docs. 13.)

DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

S.Ct. 586 (1997). The instant petition was filed on December 8, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006),

*quoting* White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In the context of reviewing parole decisions, due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some evidence" having an indicia of reliability, Superintendent Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

Respondent initially argues that the factual predicate for Petitioner's challenge to the 2007 denial of parole was triggered the same day the decision was announced, and the one-year limitation period began to run immediately following the administrative decision of the Board on August 22, 2007. However, contrary to Respondent's argument the August 22, 2007, decision was merely a proposed decision, and it did not become final until December 20, 2007-120 days thereafter. Under the rationale of Redd, Petitioner could not have known the factual predicate of his claim unless and until the decision becomes final. See Redd v. McGrath, 343 F.3d at 1084 (statute of limitations begins to run when administrative decision becomes final); see also Banks v. Kramer, 2009 WL 256449 *1 (E.D. Cal. 2009); Tidwell v. Marshall, 620 F.Supp.2d 1098 (C.D. Cal. 2009); Feliciano v. Curry, 2009 WL 691220 (N.D. Cal. 2009); Ramirez-Salgado v. Scribner, 2009 WL 211117 (S.D. Cal. 2009). Therefore, the statute of limitations commenced running on December 21, 2007-the following day and was set to expire on December 20, 2008.

In opposition, Petitioner argues that the one-year limitations period did not commence until after the thirty day period within which the Governor may review the Board's decision. The Court does not find Petitioner's argument persuasive. (Opposition, at 3.) Article V, Section 8(b)

4

of the California Constitution states, "[n]o decision of the parole authority of this state with respect to the granting, denial, revocation, or suspension of parole of a person sentenced to an indeterminate term upon conviction of murder shall become effective for a period of 30 days, during which the Governor may review the decision subject to procedures provided by statute." In Redd, the Ninth Circuit determined that the factual predicate for a challenge to a parole decision is the date the administrative review is concluded. Redd, 343 F.3d at 1082. In making this determination, the Court acknowledged that its interpretation of § 2244(d)(1)(D) would render the limitations period to begin before petitioner could have presented his claims to the federal court as the claims had not yet been exhausted. Id. at 1082-1084. The gubernatorial review is completely independent from the Board's administrative review and simply allows the governor to prevent the inmate's release for thirty days following the finality of the administrative review. Thus, it is clear from the reasoning in Redd, that the limitations period commences when the administrative review is complete. Accordingly, Petitioner is not entitled to tolling for the thirty day period of time for gubernatorial review.

        1.    Limitations Period Expired Prior to Filing First Petition

At the time Petitioner filed the first petition in the Riverside County Superior Court on December 18, 2008-364 days of the limitations period expired. Nino v. Galaza, 183 F.3d 1003, 1006-1007 (9th Cir. 1999).

        2.    Tolling During Pendency of State Court Petitions

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d at 1006. Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Respondent does not argue that Petitioner is not entitled to statutory tolling during the time the state court petitions were pending, i.e. December 18, 2008-date first petition filed, through November 19, 2009-date California Supreme Court denied petition.

### 3.  No Tolling After State Court Review Complete

After the California Supreme Court denied the petition on November 19, 2009, Petitioner delayed 18 days before he filed the instant petition in this Court on December 8, 2009 and no statutory tolling is available for this time.  28 U.S.C. § 2244(d)(1); Mayle v. Felix, 545 U.S. 644, 644 (2005); Rhines v. Weber, 544 U.S. 269, 271 (2005); Nino v. Galaza, 183 F.3d at 1007 (9th Cir. 1999).  Accordingly, the instant petition is untimely by 17 days.

### D.    Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner makes vague reference to limited access to law library due to numerous locks downs and conflicts with his work schedule.  Petitioner fails to explain how or why the restricted access to his legal materials made it impossible for him to file a timely petition.  Indeed, ordinary prison restrictions such as limited access to legal materials is not an "extraordinary" circumstance because considering "the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule...." Ramirez v. Yates, 571 F.3d 993,

999 (9th Cir. 2009). Moreover, the Constitution does not guarantee unlimited access to the law library and an inmate having to wait for his turn is not denied access to the court. Lindquist v. Idaho Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985); Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998).

To the extent Petitioner contends that his limited knowledge of law justifies equitable tolling, it too is not persuasive. A petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause); Marsh v. Soares, 223 F.2d 1217, 1220 (10th Cir. 2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Accordingly, Petitioner has not demonstrated entitlement to the benefit of equitable tolling, and the instant petition is untimely.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Respondent's motion to dismiss the instant petition be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1
2
3  IT IS SO ORDERED.
4  **Dated:     April 30, 2010**              **/s/ Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28